**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| NJUH FOMBE, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 24-11959-MJJ |
| WARDEN BOWERS, | ) ) ) | |
| Respondent. | ) ) ) | |

**MEMORANDUM AND ORDER**

August 1, 2024

JOUN, D.J.

Petitioner Njuh Fombe ("Mr. Fombe"), who is proceeding *pro se*, has filed a Memorandum in Support of his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, which was entered on the docket as Mr. Fombe's Petition. [Doc. No. 1]. For the reasons stated below, the Petition is DISMISSED without prejudice.

**I.    BACKGROUND**

Njuh Fombe, who is serving a sentence at the Federal Medical Center in Devens, Massachusetts, brings this action claiming he has been unlawfully denied certain time credits available under the First Step Act ("FSA"). Although Mr. Fombe states that he is earning credits as of May 8, 2024, the date of his arrival at his designated facility, he argues that such credits should begin to accrue on March 22, 2024, when his 144-month judgment of sentence entered. Mr. Fombe states that he began the administrative remedy process on June 17, 2024, and that complete exhaustion of his administrative remedies would be futile.

## II.   FILING FEE FOR HABEAS PETITIONS

A party filing a habeas action in this Court must either (1) pay the $5.00 filing fee for habeas corpus actions; or (2) seek leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Here, Mr. Fombe did not pay the filing fee and has not sought leave to proceed *in forma pauperis*. Ordinarily a litigant will be provided an opportunity to address the filing fee, however, because this action is subject to dismissal, the filing fee need not be addressed at this time.

## III.   STANDARD OF REVIEW

Habeas corpus review is available under § 2241 if a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal prisoner may bring a § 2241 petition to "attack the execution, rather than the validity" of his sentence. *United States v. Barrett*, 178 F.3d 34, 50 n.10 (1st Cir. 1999). In particular, a petitioner may challenge "computation of a prisoner's sentence by prison officials" via a § 2241 petition. *Walsh v. Boncher*, No. 22-11197-DLC, 652 F.Supp.3d 161, 164 (D. Mass. 2023) (citing *Dinkins v. Boncher*, No. 21-cv-11847-AK, 2022 WL 3021108, at *2 (D. Mass. July 29, 2022).

The Petition is subject to exhaustion requirements. *See Sayyah v. Farquharson*, 382 F.3d 20, 24 (1st Cir. 2004). To comply with this requirement, the prisoner must follow the "deadlines and other critical procedural rules" of the institution at which they are incarcerated. *Woodford v. Ngo*, 548 U.S. 81, 88-93 (2006). A federal inmate such as Mr. Fombe must exhaust each level of the Bureau of Prisons' administrative remedies program before filing a section 2241 petition in federal court. *Walsh*, 652 F.Supp.3d at 167 (citations omitted). However, there is "the potential for a waiver of the administrative exhaustion requirement for § 2241 petitions where a petitioner

2

can show that fulfilling the requirement would be futile." *Levine v. U.S. Dep't of Fed. Bureau of Prisons*, No. 20-11833-ADB, 2021 WL 681689 at *3 (D. Mass. Feb. 22, 2021).

Because Mr. Fombe is proceeding *pro se*, the Court will liberally construe his Petition. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004).

IV. **ANALYSIS**

Here, Mr. Fombe asserts a cognizable Section 2241 claim concerning his eligibility to earn credits when his judgment of sentence entered. However, as to exhaustion of his administrative remedies, Fombe contends that he should not be required to pursue additional administrative remedy requests because it would be futile. Mr. Fombe explains that he has already initiated the process and contends that continued pursuit will be unsuccessful.

Here, Mr. Fombe began to serve his 144-month sentence earlier this year. Requiring Mr. Fombe to finish exhausting his administrative remedies would not extend resolution of the issue of earned credits beyond Mr. Fombe's release date. Accordingly, the Petition will be <u>DENIED</u> without prejudice to refiling upon exhaustion of available administrative remedies.

V. **CONCLUSION**

In accordance with the foregoing, the Court hereby orders:

(1) The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is <u>DENIED</u> without prejudice.

(2) The Clerk is directed to enter a separate Order of Dismissal.

So Ordered.

                                                                /s/ Myong J. Joun_____
                                                                Myong J. Joun
                                                                United States District Judge